**BARNETT v. BUCHMAN.**

No. 7682.

District Court, E. D. New York.

Dec. 27, 1938.

Alfred J. Bedard, of New York City, for plaintiff.

Gustave Suss, of New York City, for defendant.

BYERS, District Judge.

Motion by plaintiff for summary judgment under Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, after answer filed.

The action is based upon diversity, the plaintiff being a resident of Georgia and the defendant of this state and district.

The verified complaint (filed August 2, 1938) alleges the matrimonial relation, prior to the judgment sued upon; the commencement of the primary action in the Superior Court of Georgia, Fulton County, on October 13, 1925; that such court was one of general jurisdiction with authority to "hear and determine all matters relating to divorce and proceedings relating to alimony"; personal service of process upon and due appearance by the defendant in the Georgia action; due proceedings therein leading to the recovery of a judgment or decree on October 9, 1931, awarding a divorce to plaintiff and a recovery by her of $10,000.00 "as a full and complete settlement of any and all alimony either permanent or temporary"; non-payment of any part thereof, and that such amount is now due from defendant to plaintiff.

The unverified answer (filed September 9, 1938) denies knowledge, etc., of: The commencement of the prior action, the jurisdiction of the Superior Court, in Georgia, and the plaintiff's present residence in Atlanta, Georgia. It denies: Personal service, appearance and the due recovery of the judgment recited, and the non-payment and consequent present obligation.

As a separate and affirmative defense, it is alleged that the Superior Court, Fulton County, Georgia, had no jurisdiction

at the time the judgment was recovered, because the defendant did not reside within the State of Georgia, nor was he personally served, nor did he appear in said action.

This motion is based upon an affidavit of plaintiff's attorney to which is attached an exemplified copy of:

(a) Process issued September 29, 1925, to the Sheriff of Fulton County, Georgia, for the appearance of the defendant Joseph Buchman on the first Monday in November, 1925, "then and there to answer the Plaintiff's (Mrs. Hannah Buchman's) complaint, as in default thereof said court will proceed", etc.

(b) The defendant's plea and answer, verified by him November 9, 1925, bearing the names of Key, McClelland and McClelland, attorneys for defendant, endorsed as filed in the office of the clerk of said court November 13, 1925.

(c) A judgment dated October 9, 1931, of "total divorce" with privilege of remarriage to both parties, which concludes as follows: " * * * it is ordered and adjudged that the plaintiff have and recover from the goods and chattels of the defendant the sum of Ten Thousand Dollars ($10,000.00) as a full and complete settlement of any and all alimony either permanent or temporary".

The opposing affidavit is accompanied by an exemplified copy of the original petition of the wife, process and service, ne exeat, first and second verdict of the jury and the decree.

These documents are helpful, but perhaps not as intended.

The wife's petition, verified September 29, 1925, alleges, in paragraph 1, that "The defendant is Joseph Buchman, a resident of said state and county", i. e., Fulton County, Georgia.

The answer of the husband expressly admits the foregoing.

That disposes of his affirmative defense in this action, for jurisdiction pertained to the said court at the time the action was commenced, and is not shown to have been lost.

The opposing records equally establish that the defendant was served with process in the said cause on October 13, 1925, by a deputy sheriff of Fulton County, Georgia. That proof, coupled with the answer exhibited by the plaintiff herein, effectually disposes of the assertion in the affirmative defense concerning personal service and appearance in said action.

Likewise it is seen that the denials in the answer preceding the affirmative defense are palpably without substance, or good faith.

Motion granted. Settle order.